UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANITA WATKINS,<br><br>              Plaintiff,<br><br>      -v-<br><br>CITY OF WATERBURY<br>BOARD OF EDUCATION<br><br>              Defendants. | CASE NO.<br><br><br><br><br><br><br>APRIL 22, 2019 |

## COMPLAINT - JURY TRIAL DEMANDED

**PRELIMINARY STATEMENT**

This action is brought by plaintiff, Anita Watkins and seeks damages arising out of defendant's discrimination against her in the basis of race, gender, age, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, *42 U.S.C§2000e, et seq*., the Civil Rights Act of 1991*, 42 U.S.C. §1981a* and multiple common law violations.

**PARTIES**

1. Anita Watkins ("plaintiff" and/or "Ms. Watkins") is a citizen of the State of Connecticut, with her principal place of residence in Oakville, Connecticut. The plaintiff is divorced and has 2 adult children.

2. The Defendant City of Waterbury Board of Education. ("Employer defendant" and/or "Board") has its principal business address of 236 Grand Street, Waterbury, CT 06702.

1

**JURISDICTION AND VENUE**

3. Jurisdiction over the subject matter of this litigation exists under Title VII of the Civil Rights Act of 1964, as amended *42 U.S.C§2000e, et seq.*, the Civil Rights Act of 1991*, 42 U.S.C. §1981a*. As to those claims not arising under federal law but clearly so related to the claims in this action within the original jurisdiction of this Court, jurisdiction exists under the doctrine of supplemental jurisdiction as codified in *28 U.S.C §1367*.

4. Plaintiff timely filed administrative charges of discrimination with the Connecticut Commission on Human Rights and Opportunities ("CHRO") and Equal Employment Opportunity Commission ("EEOC") on March 17, 2018 and has received a Right to Sue letter from the CHRO on January 23, 2019 dated January 23, 2019, and from the EEOC on March 26, 2019 dated March 11, 2019. This suit was filed by the deadline.

5. Venue is proper in this District pursuant *to 28 U.S.C. §§ 1391 (b)(1) and (2),* as the unlawful conduct complained of herein took place within the District of Connecticut and all parties reside and/or has a place of business within the District.

**STATEMENT OF FACTS**

6. The Defendant employs more than 15 persons and has a business address of 236 Grand Street, Waterbury, CT 06702 and at all times relevant hereto were in the business of education for children from pre-kindergarten through high school within the City of Waterbury.

7. The Plaintiff is a sixty-year-old Black woman of Hispanic ethnicity, namely from the country of Guatemala, and often speaks with an accent.

8. The Plaintiff currently has a bachelor's degree (acquired in 1993), a Master of Science in Education (acquired in 2011), 092 Certification and a 6th Year Advanced Degree in Educational Leadership (acquired in 2013) and is presently in a Doctoral Program in Educational Leadership, conferral date of August 2019.

9. Plaintiff began employment with the Defendant in July 2006 and currently holds the position of Lead Teacher in the Family and Consumer Sciences Department at Wilby High School located at 460 Bucks Hill Road, Waterbury, CT 06704.

10. While Plaintiff held the title of Lead Teacher, she has also provided leadership training on a district-wide level.  Plaintiff also served as Department Head for several years without compensation.

11. Plaintiff inquired about receiving the official title of Department Head since she performed the functions of said role for several years, but this title was never officially bestowed upon her despite her repeated requests and continued function as Department Head.

12. During her tenure with the Board, Plaintiff has applied for well over 25 administrative positions or promotions, particularly within the last five years, for which her education and experience qualifies her and have been denied to her each and every opportunity for advancement. Each position applied for has since been filled with either a younger White male or White female candidate, with one exception.

13. Plaintiff has presented District-wide presentations and trainings over several years.

14. Within Wilby High School, there have been numerous opportunities to serve in the role of on-call administrator to serve as for Assistant Principals in their absence.  Plaintiff has rarely been afforded the opportunity to serve in this role.  Instead, a White male or a White female younger than the Plaintiff have been afforded this opportunity almost exclusively.

15. When Plaintiff complained about the lack of opportunity provided to her despite her qualifications, the then-principal indicated that if Plaintiff made this about race, she would never be selected to serve as a substitute again.

16. Plaintiff has requested further training afforded to other non-Black and non-Hispanic employees but was denied each request.

17. Plaintiff has suffered even more deeply as a consequence to her filing a complaint with the Commission on Human Rights and Opportunities (CHRO) and the Equal Employment Opportunity Commission (EEOC).

18. Plaintiff served on the School Improvement Plan committee for several years but was not afforded said opportunity following her complaint to the CHRO or EEOC.

19. Plaintiff worked on a presentation to take place before stakeholders and the Board, but after completing the research, Plaintiff was not permitted to make the presentation. A White woman presented said research instead.

20. Plaintiff served on the Leadership Team for several years, but this privilege stopped suddenly shortly after complaints were made with CHRO and EEOC.

21. Plaintiff specifically asked School Administrator Collage if her race and ethnicity prevented her from acquiring these positions applied for. Collage then responded saying "the District is looking to put more 'Latinos' in higher position" with emphasis on the term "Latinos" in a mocking way.

22. Plaintiff felt humiliated following this conversation.

23. Plaintiff has felt afraid of complaining any further for fear of further retaliation.

24. As a result of the repeated oversight and discriminatory practices, Plaintiff has been very upset, humiliated, embarrassed, helpless and emotionally devastated.

25. Plaintiff was contacted by several school employees, including parents, teachers, and the President of the Board about her failure to be promoted.

26. Plaintiff spoke with the Deputy Superintendent about her concerns of discrimination and was told "you should consider filing."

27. Plaintiff contacted the superintendent directly about the discriminatory practices she endured in detail and was told the matter "would be looked into." Plaintiff was never contacted again.

28. Plaintiff spoke with the Head of Talent and Management about the discriminatory practices she endured whom indicated she would speak with the superintendent about these concerns. Plaintiff was never contacted again about this.

29. Plaintiff felt humiliated and emotionally distraught once again, because her worst fear that if she complained no steps will be taken by the employer to protect her had come true, and instead have further retaliation against her.

30. As a result of Defendants' actions through its employees and/or agents, Plaintiff has been denied promotional opportunities, and as a result has suffered a loss of income, including past and future wages, and benefits.

31. As a further result of Defendants' actions, through its employees and/or agents, the plaintiff has suffered humiliation, anxiety and anguish.

32. If relief is not granted, plaintiff will be irreparably denied rights secured under Title VII of the Civil Rights Act of 1964 (42 USC § 2000e-1, et seq.) as amended, and the Civil Rights Act of 1991 (42 USC §1981a), as amended.

**FIRST CAUSE OF ACTION (DISCRIMINATION)**

33. Plaintiff hereby repeats and realleges paragraphs 1 to 32 as if more fully set forth herein.

34. Defendant is an "employer" as defined by *42 U.S.C § 2000e (b)*.

35. Defendant all times relevant hereto has employed more than 15 employees

36. Plaintiff suffered a continuing employment discrimination and retaliation at the City of Waterbury Board of Education to present date.

37. Defendant's conduct, by and through its agents, in treating plaintiff in the manner unequal to other employees, discriminatorily denied plaintiff equal treatment of the basis of sex, race, color, age, and national origin in violation of Title VII, as amended by the Civil rights Act of 1991.

38. As a result of defendant's conduct, plaintiff has suffered and will continue to suffer past and future economic, physical and emotional harm.

**SECOND CAUSE OF ACTION (RETALIATION)**

39. Plaintiff hereby repeats and realleges paragraphs 1 to 38 as if more fully set forth herein.

40. By failing to take appropriate corrective action and continuing the discriminatory conduct in hiring less qualified individuals younger and non-Black and non-Hispanic and in fact condoning same, and effectively allowing it to escalate in response to plaintiff's complaints, defendant acted in retaliation for plaintiff's effort to protect her rights, in violations of *42 U.S.C. §2000e-3*, Title VII.

41. After Plaintiff made her discrimination complaint, she was removed from prestigious committees she was previously afforded the opportunity to participate in for several years. She was also assigned to serve as a stand in vice principal role even fewer times than she had before. The Board violated 42 U.S.C. *§2000e-3* through *§2000e-17*, Title VII.

42. As a result of defendant's conduct, plaintiff has suffered and will continue to suffer past and future economic physical and emotional harm.

**THIRD CAUSE OF ACTION (DISPARATE TREATMENT)**

43. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 42 of this complaint with the same force and effect as if fully set forth herein.

44. By the acts described above, defendants have unlawfully discriminated against the plaintiff on account of her race, gender, color and/or national origin and violated Title VII of the Civil Rights Act of 1964 (42 USC § 2000e-2 (a)), as amended, justifying an award of back pay, appointment to Assistant Principal/Administrator status and pay scale, retroactive benefits and compensation, and compensatory damages against the defendants, as well as attorney's fees.

45. Defendants through their employees and/or agents acted willfully and/or with malice and/or reckless indifference for plaintiff's federally protected civil rights.

46. Plaintiff has suffered and will continue to suffer irreparable injury and monetary damages unless and until this Court grants relief.

**FOURTH CAUSE OF ACTION (DISPARATE IMPACT)**

47. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 46 of this complaint with the same force and effect as if fully set forth herein.

48. By employing the promotional process, as described above, which based the final selection of candidates for promotion solely on an oral interview, defendants' actions had the effect of discriminating against the plaintiff based upon his race, color and/or national origin. Specifically plaintiff claims that the following employment practices have a disparate impact against Black applicants and/or those born in non-English speaking countries: failing to use the results of a written examination, except for the initial screening process; relying on the results of an oral interview, which on information and belief, impacts against those born in

non-English speaking countries; and/or failing to insure the diversity of the interviewing panel.

49. By the acts described above, defendants have unlawfully discriminated against the plaintiff on account of her race, color and/or national origin and violated Title VII of the Civil Rights Act of 1964 (42 USC § 2000e-2(k)), as amended, and the Civil Rights Act of 1991, as amended, by a) using a particular employment practice that causes a disparate impact on the basis of race, color and/or national origin and the defendants have failed to demonstrate that the challenged practice is job related and consistent with business necessity, or b) failing to adopt an alternative employment practice which would not have the same degree of disparate impact as the challenged practice.

50. By the acts described above, defendants have unlawfully discriminated against the plaintiff on account of her race, color and/or national origin and violated Title VII of the Civil Rights Act of 1964, thereby justifying an award of back pay, appointment to Assistant Principal/Administrator status and pay scale, retroactive benefits and compensation, and compensatory damages against the defendants, as well as attorney's fees.

51. Plaintiff has suffered and will continue to suffer irreparable injury and monetary damages unless and until this Court grants relief.

**FIFTH COUNT (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)**

52. Plaintiff hereby repeats and realleges paragraphs 1 through 51 as if more fully set forth herein.

53. Defendant's conduct over the course of several years has been unreasonable and improper.

54. Defendant knew or should have known that as a result of its conduct, plaintiff would suffer emotional distress or that such distress was a likely result of its actions and that further, such emotional distress might result in illness or bodily harm.

55. Defendant's reckless conduct as described above has caused plaintiff to suffer severe and continuing mental and emotional distress and anguish. Defendant is justly liable to plaintiff for the damage she has suffered and will continue to suffer.

**SIXTH COUNT (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)**

56. Plaintiff hereby repeats and realleges paragraphs 1 to 55 as if more fully set forth herein.

57. By the above acts, defendant intended to inflict emotional distress upon plaintiff.

58. Defendant knew or should have known that this conduct would have caused plaintiff emotional distress.

59. The emotional distress defendant inflicted upon plaintiff was extreme and outrageous.

60. As a result of defendant's actions, plaintiff suffered and continues to suffer severe emotional distress, embarrassment and humiliation.

**SEVENTH COUNT (NEGLIGENT SUPERVISION AND RETENTION)**

61. Plaintiff hereby repeats and realleges paragraphs 1 to 60 as if more fully set forth herein.

62. By permitting Plaintiff's supervisors to continue in the above-referenced acts, despite the repeated pleas from Plaintiff to Administration, Defendant failed to properly supervise its employees/agents/administrators.

63. Despite repeated complaints and pleas from Plaintiff, Defendant continued to retain the same administrators/agents/staff that perpetuated the discriminatory acts against the Plaintiff.

64. As a result of defendant's actions, plaintiff suffered and continues to suffer severe emotional distress, embarrassment and humiliation.

**WHEREFORE**, the plaintiff demands:

1. Compensatory and consequential damages, including but not limited to lost wages, pay differentials, bonuses, and the value of all other employment benefits in an amount to be determined by the trier of fact, with interest from the date when said sums were due.

2. Punitive damages;

3. Front pay and/or other equitable relief, including promotion to Vice Principal;

4. Attorney's fees and costs, prejudgment interest and costs;

5. Pre and Post judgment interest as applicable;

6. A protocol be set in place to avoid future discrimination from those seeking advancement opportunities; and

7. Any such additional and further relief which this Court may deem just and proper.

THE PLAINTIFF,
ANITA WATKINS

BY  /s/ Garlinck Dumont
Garlinck Dumont, Esq.
Dumont Law, LLC
1028 Boulevard, Suite No. 311
West Hartford, CT 06119
Tel: 860-348-5702
Fax: 860-469-2692
*Fed.: CT 30441*
Email: gdumont@dumontlawllc.com

## **CERTIFICATION**

I hereby certify that on this 22nd day of April 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/EMF System.

BY: /s/ Garlinck Dumont, Esq.
Garlinck Dumont, Esq.
Plaintiff's Counsel
